# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSEPH K. IVY, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | |
| | ) | CIVIL NO. 06-cv-4003-JPG |
| vs. | ) | |
| | ) | CRIMINAL NO. 97-cr-40049 |
| UNITED STATES of AMERICA , | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

Petitioner pleaded guilty to two counts involving the distribution of cocaine and marijuana. He was sentenced to 210 months imprisonment, three years supervised release, a fine of $1000, and a special assessment of $200. No appeal was filed, and several years later he filed the instant motion under Section 2255.

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In the instant case, Petitioner was sentenced on April 23, 1998. He did not file a direct appeal; therefore, for purposes of § 2255, Petitioner's conviction became final in May 1998. *See generally Clay v. United States*, 537 U.S. 522, 525 (2003). Petitioner filed the instant motion on January 4, 2006. Thus, Petitioner's judgment of conviction was final for almost eight years prior to the filing of his motion under § 2255, and he filed this motion almost seven years too late. None of the exceptions to the statute of limitations can alter this finding.

Petitioner's basis for this action are the rules "newly recognized" in *Blakely v. Washington*, 124 S.Ct. 2531 (2004), *United States v. Booker*, 125 S.Ct. 738 (2005), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). However, the Seventh Circuit already has held that these rulings do not apply retroactively to convictions that were final prior to the dates of those decisions. *See McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) (*Blakely* and *Booker* not retroactively applicable); *Curtis v. United States*, 294 F.3d 841, 844 (7th Cir. 2002) (*Apprendi* not retroactively applicable).

Therefore, this § 2255 motion is barred by the statute of limitations, and this Court lacks jurisdiction to entertain the motion. Accordingly, the motion is **DENIED**, and this action is **DISMISSED**. Dismissal is *without prejudice* to Petitioner filing a new § 2255 motion, *if* the United States Supreme Court announces that *Booker* and/or *Apprendi* apply retroactively on collateral review.

**IT IS SO ORDERED.**

**Dated: April 7, 2006.**

               s/ J. Phil Gilbert
               **U. S. District Judge**