**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JOSEPH K. IVY, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | |
| | ) | CIVIL NO. 06-cv-4003-JPG |
| vs. | ) | |
| | ) | CRIMINAL NO. 97-cr-40049 |
| UNITED STATES of AMERICA , | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

The Court previously dismissed this action as time-barred, finding that the rules announced in *Blakely v. Washington*, 124 S.Ct. 2531 (2004), *United States v. Booker*, 125 S.Ct. 738 (2005), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), do not apply retroactively to convictions that were final prior to the dates of those decisions. *See McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) (*Blakely* and *Booker* not retroactively applicable); *Curtis v. United States*, 294 F.3d 841, 844 (7th Cir. 2002) (*Apprendi* not retroactively applicable).

Now before the Court is Petitioner's notice of appeal (Doc. 4). Implicit in that notice is a request for issuance of a certificate of appealability. Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Further, Section 2253(c)(3) provides: "The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2)."

Because this action is clearly time-barred, Petitioner has not made "a substantial showing of the denial of a constitutional right." Accordingly, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

**Dated: October 31, 2006.**

                                            **s/ J. Phil Gilbert**
                                            **U. S. District Judge**